IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01200-CMA-KLM

SHO SERVICES, LLC, a Colorado limited liability company,

    Plaintiff,

v.

CHINA FILM GROUP CORPORATION, a China corporation,

    Defendant.

---

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT**

---

This matter is before the Court on Defendant China Film Group Corporation's Motion to Set Aside Default Judgment. (Doc. # 44.) Plaintiff SHO Services, LLC filed a Response (Doc. # 49) on June 3, 2019, and Defendant filed a Reply (Doc. # 51) on June 17, 2019. For the following reasons, the Court grants Defendant's Motion.

## I.    BACKGROUND

Plaintiff is a Colorado-based security, crowd safety, and management company that provides safety consulting and management designed for live entertainment environments, including evacuation plans, emergency procedure plans, public safety coordination, and budgeting compliance. (Doc. # 1 at 2.) Defendant is a film enterprise in the People's Republic of China. (*Id.* at 1.) This case arises from a contract dispute regarding services that Plaintiff alleges to have performed for Defendant without receiving compensation.

On September 8, 2017, Magistrate Judge Mix issued an order which directed Plaintiff to file a status report regarding its efforts to serve Defendant. (Doc. # 11 at 1.) Accordingly, on September 18, 2017, Plaintiff filed a Status Report which indicated that it had "engaged a company that specializes in serving foreign companies with service of process . . . in US lawsuits in accordance with the Hague Convention," although it was "unknown exactly how long it will take for the Chinese Central Authority to accept the papers and effectuate service, but Plaintiff [was] informed that it is likely to take several months if not longer." (Doc. # 13 at 1.) Plaintiff also reported that "Defendant has several agents that work in the US and appear at events, and Plaintiff has attempted to serve those agents and will continue to do so this Fall [sic]." (*Id.* at 2.)

Subsequently, on November 13, 2017, Plaintiff filed an Affidavit of Service, which indicated that Plaintiff had served an individual named Maio Xiaotian in Los Angeles, CA. (Doc. # 14 at 1.) Mr. Ziaotian is the president of an entity called China Film Co-Production Corporation ("CFCC"), which is a subsidiary of Defendant. (Doc. # 16 at 2–3.) Plaintiff asserted that service was proper because Mr. Xiaotian is a "managing or general agent" of Defendant. (*Id.* at 3.) Defendant did not file an answer or otherwise respond.

Accordingly, on February 13, 2018, Plaintiff filed a Motion for Entry of Default and Default Judgment. (*Id.*) Thereafter, the Clerk of the Court issued an Entry of Default, and this Court issued a Default Judgment Order against Defendant on May 11, 2018. (Doc. ## 18, 26.) However, on February 11, 2019, Defendant filed a document titled, "The Responses to the Lawsuit Filed by SHO Services, LLC Against China Film Group

2

Corporation." (Doc. # 40.) The document appears to be an Answer, and it indicates that Defendant received notice of this case on January 4, 2019. (*Id.*)

Additionally, Defendant filed the instant Motion to Set Aside Default Judgment on May 13, 2019. (Doc. # 44.) Defendant included the affidavits of Shang Zhe, Defendant's "Head of Legal," and Mr. Xiaotian in support of its Motion. Mr. Xiaotian states that he was never served with process while he was in Los Angeles during the fall of 2017, and Shang Zhe indicates that Defendant and CFCC are, in fact, separate entities.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(4) provides that a court "may relieve a party or its legal representative from a final judgment . . . [if] the judgment is void." Further, the Tenth Circuit has held that "[w]here Rule 60(b)(4) is properly invoked, 'relief is not a discretionary matter; it is mandatory . . . .'" *Hukill v. Oklahoma Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994)); *see also Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) ("Rule 60(b)(4) is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.'" (quoting *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980))).

Relevant here, "a default judgment in a civil case is void if there is no personal jurisdiction over the defendant." *Hukill*, 542 F.3d at 797 (citation omitted). Importantly, "service of process [under Fed. R. Civ. P. 4] provides the mechanism by which a court . . . asserts jurisdiction over the person of the party served." *Id.* (citation omitted). Therefore, "a judgment obtained by way of defective service is void for lack of personal

3

jurisdiction and must be set aside as a matter of law." *Chettri v. Nepal Bangladesh Bank, Ltd.*, No. 10 CIV. 8470 PGG, 2014 WL 4354668, at *5 (S.D.N.Y. Sept. 2, 2014) (citation omitted), *aff'd sub nom. Chettri v. Nepal Rastra Bank*, 834 F.3d 50 (2d Cir. 2016).

### III. DISCUSSION

Defendant argues that the default judgment in this case (Doc. # 27) should be set aside based on defective service.[1] Specifically, Defendant argues that effecting service on Defendant's subsidiary did not constitute service on Defendant. The Court agrees.

### A. LEGAL STANDARD

The Tenth Circuit has held that "[w]ith respect to parent-subsidiary relationships, '[a] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity.'" *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1018 (10th Cir. 2011) (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004)). Thus, "[g]enerally, service on a parent, subsidiary, cosubsidiary, or affiliate of a corporate defendant is not service on the defendant." *Raeth v. Bank One*, No. 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 (D. Colo. Feb. 13, 2008) (citation omitted). In fact, courts have observed that there is "ample case law holding that service of process on a subsidiary does not constitute valid service on the parent merely by virtue of the

---

[1] The Court notes that Plaintiff also raises personal jurisdiction arguments based on its contacts with Colorado. However, the Court rejects those arguments for the reasons stated in its May 11, 2018 Order. (Doc. # 26 at 5–8.)

4

parent-subsidiary relationship." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017) (citations omitted).

However, circumstances may exist in which it is necessary to disregard corporate formalities. Specifically, if a plaintiff establishes that "one corporation so controls the affairs of another corporation that the two entities are essentially one, the court will hold service of process on one corporation effective as to the other." *Llewellyn v. Allstate Home Loans, Inc.*, No. 08-cv-00179-WJM-KLM, 2011 WL 2533572, at *2 (D. Colo. June 27, 2011) (citation omitted). Such an inquiry depends on "the amount of control exercised by the corporate parent over its subsidiary . . . ." *See BASF Corp. v. Willowood, LLC*, 359 F. Supp. 3d 1018, 1026 (D. Colo. 2019) (quoting *First Horizon Merch. Servs., Inc. v. Wellspring Capital Mgmt., LLC*, 166 P.3d 166, 177 (Colo. App. 2007)).

**B.    ANALYSIS**

Plaintiff has submitted evidence—through the affidavit of Shang Zhe—which indicates that Defendant does not exercise sufficient control over CFCC to consider the two entities to be one. In particular, Shang Zhe states that:

- CFCC employees have their complete employment relationship with CFCC. [They] do not have any employment relationship with [Defendant];

- CFCC runs [its] day-to-day operations independently . . . ;

- [Defendant] has not appointed CFCC as its registered agent for service of process in the United States or elsewhere;

- Defendant does not comingle its funds or assets with those of CFCC nor does it share the same business offices with CFCC. . . . The two companies maintain separate officers, directors, and managers, books and bank accounts; and

5

- CFCC does not perform any services for [Defendant] that would ordinarily be performed by [Defendant's] own employees.

(Doc. # 44-1 at 4.)

Plaintiff, on the other hand, has not submitted any evidence which suggests that Defendant and CFCC are not independent entities. Rather, in its Response to the instant Motion, Plaintiff merely indicates that "the evidence supports the fact that service on Xiaotian, the president of a subsidiary of [Defendant], was proper . . . ." (Doc. # 49 at 7.)[2] However, assuming, *arguendo*, that Plaintiff served Mr. Xiaotian, Plaintiff does not cite to any authority supporting the proposition that service of process on CFCC should be effective as to its parent entity under the circumstances—i.e., where there is no evidence that a parent and its subsidiary are essentially one entity. Further, to the extent that Plaintiff asserts that the existence of the parent-subsidy relationship alone is sufficient for purposes of service of process, that argument is contrary to well-established authority. *See, e.g.*, *RCC Ventures*, 322 F.R.D. at 445; *Raeth*, 2008 WL 410596, at *3. Therefore, effecting service on Defendant's subsidiary did not constitute service on Defendant.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court Orders as follows:

---

[2] It is not clear what "evidence" Plaintiff is referencing. To the extent that Plaintiff is relying on the materials that Plaintiff submitted in support of its Motion for Entry of Default and Default Judgment, *see* (Doc. # 16), the Court finds that evidence to be insufficient to show that CFCC is not an independent entity. Those materials indicate that CFCC is Defendant's film production company and distributer and that CFCC is responsible for all foreign co-productions. (*Id.* at 3.) However, those facts are consistent with tasks that an independent subsidiary might perform, and they do not show that Defendant exercised improper control over its subsidiary.

- Defendant's Motion to Set Aside Default Judgment (Doc. # 44) is GRANTED;

- The Default Judgment (Doc. # 27) entered in this case on May 11, 2018, is VACATED; and

- Defendant shall file an Answer or otherwise respond to Plaintiff's Complaint on or before **February 7, 2020**.

DATED: January 7, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge